IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

NATIONAL COOPERATIVE BANK,
N.A. f/k/a NCB, FSB,
    Plaintiff,

v.

GARY MATTHEWS,
    Defendant.

Case No. 1:17-cv-01330-JES-JEH

**Order**

The Plaintiff, National Cooperative Bank, filed its Complaint on July 17, 2017. (D. 1).[1] The Plaintiff's Complaint asserts diversity of citizenship as the basis for the Court's jurisdiction. *Id.* at pg. 1. The allegations of the Complaint are insufficient to support that assertion. The Court may *sua sponte* raise the issue of federal subject matter jurisdiction. *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (citations omitted).

First, "[g]eneral partnerships, limited partnerships, joint stock companies, and unincorporated membership associations all are treated as citizens of every state of which any partner or member is a citizen." *Indiana Gas Co., Inc. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998) (citations omitted). The Plaintiff's complaint does not identify the members of its association or allege the citizenship of those members. Therefore, the Plaintiff's Complaint is not sufficient to invoke diversity jurisdiction.

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

Additionally, the Plaintiff asserts that the Defendant "has an address" in Illinois. Parties asserting diversity jurisdiction based on parties hailing from different states must allege the citizenship of each party, not the residence. See *Held v. Held*, 137 F.3d 998 (7th Cir.1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir.1994). The Seventh Circuit has repeatedly warned that an allegation of residency is insufficient to invoke federal subject matter jurisdiction. See, *e.g.*, *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir.2000); see also *Page v. Wright*, 116 F2d 449, 451 (7th Cir. 1940) ("[i]n federal law citizenship means domicile, not residence").

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. See also, *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992)("leave to amend defective allegations of subject matter jurisdiction should be freely given")(citations omitted). The Plaintiff is directed to file an amended complaint that adequately alleges the factual basis for this Court's jurisdiction. Accordingly, it is hereby ORDERED that the Plaintiff file an Amended Complaint not later than fourteen (14) days from the date of entry of this Order. In the Amended Complaint, the Plaintiff shall properly allege the basis for this Court's jurisdiction.

*It is so ordered.*

Entered on July 18, 2017

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE