IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

NATIONAL COOPERATIVE BANK, N.A.
f/k/a NCB, FSB,
  Plaintiff,

v.

GARY MATTHEWS,
  Defendant.

Case No. 1:17-cv-01330-JES-JEH

**Order**

  Before the Court are the Plaintiff, National Cooperative Bank's, Motion for Summary Judgment (D. 18),[1] the Defendant, Gary Matthews', Response (D. 21), and the Plaintiff's Reply (D. 23). For the reasons stated, *infra*, the Plaintiff's Motion for Summary Judgment is GRANTED.

**BACKGROUND**

  The Plaintiff brought this breach of contract action against the Defendant in July 2017, alleging the Defendant is in breach of a guaranty. (D. 11). The Plaintiff loaned EM Holdings, LLC an original principal amount of $7,500,000. (D. 11-1). The loan was partially secured by property located at 450 North Main Street, East Peoria, Illinois (commonly known as the Fairfield Inn & Suites Peoria East) pursuant to a mortgage. (D. 11-2)-(D. 11-5). In connection with the loan, the Defendant executed a guaranty. (D. 11-6). Under the terms of the guaranty, the Defendant agreed to become personally liable for the full amount of the loan in the event that, *inter alia*, the borrower filed "any petition for federal bankruptcy, reorganization or arrangement pursuant to federal bankruptcy law." *Id*. at pg. 2-4. The guaranty explicitly stated that it "is an irrevocable, absolute, continuing guaranty of payment and performance and not a guaranty of

---

[1] Citations to the Docket in this case are abbreviated as "D. \_\_."

1

collection." *Id*. at pg. 4. The Defendant waived any right to require the Plaintiff to "institute suit or exhaust its remedies against" EM Holdings "or others liable on the loan" before the Plaintiff could enforce its rights. *Id*. at pg. 5. EM Holdings later filed for bankruptcy. (D. 11-8).

EM Holdings' bankruptcy filing triggered the Defendant's personal liability to the Plaintiff for all amounts due and payable under the loan. (D. 15 at pg. 4). The Plaintiff informed the Defendant that the loan had been accelerated and that he was personally liable for all amounts due and payable. (D. 11-9). The Plaintiff further demanded that the Defendant pay the Plaintiff said amounts. *Id*. To date, the Defendant has paid the Plaintiff nothing. (D. 15 at pg. 3). The Plaintiff now moves for summary judgment on the Defendant's liability for payment of the amounts due under the terms of the loan. (D. 18).

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court reviews the facts in a light most favorable to the non-movants, in this instance, the Defendant. *Vodak v. City of Chicago*, 639 F.3d 738, 740 (7th Cir. 2011). The moving party—here, the Plaintiff—has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323-24. Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997).

The non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; they "must do more than simply show that there is some metaphysical doubt

as to the material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Undeveloped and unsupported arguments are waived. *Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1002 n.1 (7th Cir. 2001). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to successfully oppose a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 250.

## ANALYSIS

To establish a prima facie case for enforcement of a guaranty under Illinois law, the Plaintiff must "enter[ ] proof of the original indebtedness, the debtor's default, and the guarantee." *Gen. Bus. Fin. Servs., Inc. v. Silverman*, 693 F. Supp. 2d 796, 799 (N.D. Ill. 2010) and *Fifth Third Bank (Chicago) v. Stocks*, 720 F. Supp. 2d 1008, 1011 (N.D. Ill. 2010) (both citing *Mid-City Indus. Supply Co. v. Horwitz*, 476 N.E. 2d 1271, 1277 (Ill. App. Ct. 1985)). Additionally, under Illinois law, "a guaranty is a legally enforceable contract that must be construed according to its terms, so long as they are clear and unambiguous." *FDIC v. Rayman*, 117 F.3d 994, 998-99 (7th Cir. 1997).

Here, the Plaintiff has submitted the required evidence to enforce the guaranty at issue. As detailed previously, the record unambiguously indicates that EM Holdings is in debt to the Plaintiff, EM Holdings defaulted by filing a voluntary bankruptcy petition, and according to the clear terms of the guaranty, the Defendant is liable for EM Holdings' debt. Thus, the Plaintiff has established that all of the elements for breach of a guaranty are present.

The Defendant does not dispute that the elements required to establish a breach of the guaranty are present. Instead, he claims there is a question of fact as to whether the value of the underlying property exceeds the amount due on the note. (D. 21 at pg. 1). The Defendant further alleges that a finding as to his liability before making this value determination will lead to

3

"catastrophic damages" which cannot be undone. *Id*. He also references a then-pending bankruptcy hearing and speculates that the bankruptcy at issue may be "reversed" which would render the Plaintiff's argument moot. *Id*. at pp. 6-7. The bankruptcy hearing referenced by the Defendant resulted in the Plaintiff being granted relief from the usual, automatic stay under 11 U.S.C. § 362(d)(2). Thus, the Defendant's logic on this last point is moot. (See Bankr. C.D. Ill. Case No. 17-80150: (D. 190 at pg. 19)).

The Defendant's remaining counterarguments fail to account for the fact that the Plaintiff has produced evidence establishing a prima facie case for the enforcement of the guaranty at issue. His points merely distract from the bottom line—that the Plaintiff is entitled to judgment as a matter of law on the issue of liability. There is no genuine issue of material fact as to the Defendant's liability. Thus, the Plaintiff's Motion for Summary Judgment is GRANTED.

## CONCLUSION

Viewing the evidence of record in a light most favorable to the Defendant, the Plaintiff's Motion for Summary Judgment (D. 18) is GRANTED. The Court will schedule a hearing with the parties in order to address the remaining issues of damages, fees, costs and interest.

*It is so ordered.*

Entered on March 2, 2018

s/ James E. Shadid
James E. Shadid
Chief U.S. District Judge